Opinion of the Court.
The appellant exhibited his bill in the court below, setting up an entry against elder grants. His entry was surveyed in 1798, and on that survey the patent issued. His entry was sustained by the court below,and an interlocutory decree rendered in his favor. On a petition for that purpose the court below set aside the decree, and the appellees filed an amended answer setting forth that they had just discovered that the same entry was previously surveyed in 1786 and the survey recorded, and exhibited a copy. On the next hearing the court dismissed the bill. From that decree this appeal is prayed.
According to principles previously settled in this court, a survey executed and recorded extinguishes the authority derived from the warrant and no new survey can be made. The production of the copy is, at least, prima facie evidence that the survey was made and that it was done under the authority of the holder, and it rests on the other side to shew that the survey was made without his consent or approbation, which in this case has not been done. The only mode then, of avoiding the avoiding,the effect of it, is, by shewing that the ancient survey covers the ground occupied by the new. For as the eldest is the only legal survey, the patent must be for the same ground, and not for that covered by the unauthorised and void survey. It rested then, upon the appellant to shew that the ground patented was that of the old survey, and this he has tailed to do. It would seem by the calls of both surveys, *412 when compared, that they are both in the same neighborhood, and probably not far from each other, but the calls are so variant that they fail of proving identity, and there is nothing else in the record which exhibits to us their true relative position.
The decree of the court below affirmed with costs.